IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>LARAE SCHUNK, individually, and as Personal Representative of the Estates of Clayton C. Heinrich and Leona J. Heinrich, et al.,<br><br>        Defendants. | 4:18-CV-3117<br><br>ORDER OF SALE |

IT IS ORDERED:

1. The United States' Motion for Order of Sale (filing 17) is granted.

2. The Property located at 102 West Lancaster Street, Blue Hill, Nebraska, and legally described as:

   > The South Twenty-seven feet (S27') of Lot Two (2) and all of Lots Three (3), Four (4), Five (5), Six (6) and Seven (7), Block Five (5), Grussell's Sub-division of Rohrer's Addition to Blue Hill, Webster County, Nebraska,

   shall be sold under 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002 as follows.

3. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and sell the Property.

4. The sale of the Property shall be free and clear of the interests of all parties in this suit, and the sale of the Property shall be made without right of redemption.

5. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any.

6. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

7. PALS shall announce the date and time for sale.

8. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Webster County, Nebraska, and, at the discretion of PALS, by any other notice that PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale.

9. PALS shall set the minimum bid, and the Property shall be sold to the highest bidder. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

10. At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order or by certified or cashier's check payable to the Clerk of

the United States District Court for the District of Nebraska, a deposit in an amount between five and twenty percent of the minimum bid as specified by PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders, they can make the deposit required by this order of sale.

11. The successful bidder(s) shall pay the balance of the purchase price for the Property within 60 days following the date of the sale. The certified or cashier's check payable to the United States District Court for the District of Nebraska shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the tax liabilities of Clayton C. and Leona J. Heinrich, that underlay the federal tax liens at issue herein. The Clerk shall distribute the deposit as directed by PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

12. The Clerk of the District Court shall accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further order of this Court.

13. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the IRS shall execute and deliver a deed

conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

14. When this Court confirms the sale, the Recording Official of Webster County, Nebraska, shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

15. Until the Property is sold, the defendants shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making Internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

16. All persons occupying the Property shall vacate the Property no later than 30 days after entry of this Order, or at a later date if agreed to by PALS, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property, PALS, in coordination and with the assistance of the United States Marshals

Service, is authorized to take whatever action that it deems reasonably necessary to have those persons ejected. The U.S. Marshals Service is authorized and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, for the purpose of executing this Order.

17. Any personal property remaining on the Property 30 days after the date of this Order of Sale (or a later date if agreed to by PALS) is deemed forfeited and abandoned, and PALS is authorized to dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Court for the District of Nebraska and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

18. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

19. After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court should be distributed as follows:

a. First, to PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

b. Second, to the United States to be applied to the unpaid balance of the federal income tax liabilities of Clayton C. and Leona J. Heinrich for the years 2007-2009; and

c. Third, any remaining sale proceeds shall be paid in equal shares to LaRae Schunk, Ronald Heinrich, Taren Hoffman, Clayton "Clynn" Heinrich, and Tamera Pickel.

Dated this 13th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge